COMMONWEALTH *vs.* LeBURTTON B. BUTLER.

Suffolk.   November 15, 1909. — January 4, 1910.

Present: KNOWLTON, C. J., MORTON, BRALEY, SHELDON, & RUGG, JJ.

*Way,* Public.  *Parks and Parkways.  Pleading, Criminal,* Variance.  *Commonwealth Avenue.  Automobile.*

Whether ways which originally are laid out and constructed as parkways properly come within the designation of public highways, here was left an open question.

A way originally laid out as a public highway properly may be described as such in a complaint for operating an automobile upon a public highway in violation of the requirements of the highway commissioners, although the park commissioners of the city or town in which such way exists have been given jurisdiction over and control of it.

The portion of Commonwealth Avenue in that part of Boston called Brighton, which originally was laid out as a public highway and afterwards by an ordinance of the city of Boston was placed under the care, control and jurisdiction of the park commissioners of that city, is a public highway within the meaning of those words as used in an order of the Massachusetts highway commission requiring that an automobile operated on a public highway shall have its registered number plainly displayed thereon in a designated manner.

COMPLAINT, in the Municipal Court of the Brighton District of the City of Boston on November 18, 1908, charging that the defendant on November 10, 1908, did "operate an automobile upon a public highway, laid out under the authority of law known as Commonwealth Avenue, situate in said city and district, . . . not having . . . the registered number or mark plainly displayed thereon in Arabic numerals not less than four inches long, and not conforming in this and other details to the requirements provided by the Massachusetts highway commission in its certificate of registration."

In the municipal court the defendant was found guilty, and was sentenced to pay a fine of $10.   He appealed to the Superior Court.

At the trial in the Superior Court before *Harris,* J., the facts which are stated in the opinion were found or agreed upon. After the Commonwealth rested its case the defendant asked the judge to make the following rulings:

"1. The government has not proved that Commonwealth

Avenue is a public highway, as set out in the complaint, and therefore the verdict should be for the defendant.

" 2. That there is thereby a material variance between the allegations in the complaint and the proof offered by the Commonwealth, and therefore the verdict should be for the defendant."

The judge refused to make these rulings, and ruled and instructed the jury that on the evidence the defendant might be found guilty. The jury returned a verdict of guilty; and the defendant alleged exceptions.

The case was submitted on briefs.

*W. A. Thibodeau & G. L. Ellsworth,* for the defendant.

*P. Rubenstein,* Assistant District Attorney, for the Commonwealth.

MORTON, J. The defendant was complained of for operating in the Brighton district in Boston, upon a public highway laid out under the authority of law known as Commonwealth Avenue, an automobile without having the registered number displayed thereon as required by the Massachusetts highway commission in its certificate of registration. At the trial it was found or agreed that before the commission of the alleged offense Commonwealth Avenue was laid out as a public highway. It also was found or agreed that Commonwealth Avenue was under the care, control and jurisdiction of the park commissioners of the city of Boston under and by virtue of chapter 2 of the ordinances of 1905 of that city.

The defendant contends, in effect, that Commonwealth Avenue was a parkway and not a public highway, and that there was, therefore, a fatal variance between the allegations contained in the complaint and the proof offered in support of them. This is the only ground of exception. But assuming without deciding that ways which are originally laid out or constructed as parkways do not come within the description of public highways, and that there is a distinction between parkways and public ways, it does not follow that ways originally laid out as public highways cease to be properly described as such because the park commissioners in any city or town where such ways exist have acquired or have been vested with jurisdiction and control over them. They still retain their original

character as public highways notwithstanding the park commissioners may have control and jurisdiction over them.   They are spoken of as streets after having passed under the control of the park commissioners (St. 1893, c. 300), and it is provided that if they shall pass from the control of the park commissioners the power and authority over them shall revert to the proper corporate authorities; in other words, to those charged with the maintenance of the public ways.   St. 1893, c. 300, § 4.

We think that the rulings requested were rightly refused, and we find no error in the ruling and instruction which was given.

*Exceptions overruled.*